1  Scott Edward Cole, Esq. (S.B. #160744)
   Molly A. DeSario, Esq. (S.B. #230763)
2  Stephen Noel Ilg, Esq. (S.B. #275599)
   **SCOTT COLE & ASSOCIATES, APC**
3  1970 Broadway, Ninth Floor
   Oakland, California 94612
4  Telephone:  (510) 891-9800
   Facsimile:  (510) 891-7030
5  E-mail:  scole@scalaw.com
   Email:  mdesario@scalaw.com
6  Email:  silg@scalaw.com
   Web:  www.scalaw.com
7

8  Attorneys for Representative Plaintiff
   and the Plaintiff Classes
9

10              **UNITED STATES DISTRICT COURT**

11             **NORTHERN DISTRICT OF CALIFORNIA**

12

13  RYAN RICHARDS, individually, and          )   **Case No. 13-cv-04317-JD**
    on behalf of all others similarly         )
14  situated,                                 )
                                              )   **CLASS ACTION**
15                        Plaintiff,          )
                                              )   **FIRST AMENDED COMPLAINT FOR**
16  vs.                                       )   **DAMAGES, INJUNCTIVE RELIEF AND**
                                              )   **RESTITUTION**
17  SAFEWAY, INC.,                            )
                                              )
18                        Defendant.          )
                                              )
19  _____  )   **[Jury Trial Demanded]**

20

21  Representative Plaintiff alleges as follows:

22                      **INTRODUCTION**

23       1.      This is a class action brought by Representative Plaintiff for himself and on behalf of

24  a national class of consumers who have purchased Safeway, Inc.'s food products that were falsely

25  and misleadingly labeled as "100% Natural," but which, in fact, contained one or more synthetic

26  ingredients.

27       2.      Representative Plaintiff, on behalf of himself and persons who purchased these

28  products from one of Defendant's United States locations at any time during the applicable

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WACHOVIA TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL. (510) 891-9800

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WACHOVIA TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

1   limitations period (hereinafter referred to as the "class members" and/or, dependant on the Claim for

2   Relief, one or both of the "classes") seeks damages, interest thereon, reasonable attorneys' fees and

3   costs, injunctive, restitution, other equitable relief, and disgorgement of all benefits Safeway has

4   enjoyed from its unlawful and/or deceptive business practices, as detailed herein.

5        3.   Representative Plaintiff asserts that defendant Safeway, Inc. (hereinafter referred to as

6   "Safeway" and/or "Defendant") knowingly engaged in the unfair, unlawful, deceptive, and

7   fraudulent practice of describing and falsely advertising certain products as "100% Natural" when, in

8   fact, they contain the synthetic chemical Sodium Acid Pyrophosphate. Those products labeled as

9   "100% Natural," but which contain Sodium Acid Pyrophosphate (also known as disodium

10  dihydrogen pyrophosphate), for purposes of this amended Complaint, are collectively referred to as

11  the ""100% Natural" Products" or, simply, the "Products." Those Products are listed and/or

12  otherwise shown in Attachment "A" hereto, and are:

- Open Nature 100% Natural Multi-Grain Waffles
- Open Nature 100% Natural Homestyle Waffles

13
14

15       4.   Defendant's advertising/labeling of these Products as "100% Natural" is false,

16  dishonest and intended to induce consumers to purchase these Products, at a premium price, while

17  ultimately failing to meet consumer expectations. Safeway knows reasonable consumers must and do

18  rely on Defendant to honestly report the nature of its Products' ingredients, insofar as consumers

19  lack the ability to test or independently ascertain the accuracy of a food product's label, especially at

20  the point of sale. Indeed, in this instance, Defendant played on consumer ignorance to fraudulently

21  generate substantial profits and engender unfair competition between itself and competitor

22  companies that, unlike Safeway, behave responsibly and honestly toward their customers.

23       5.   Representative Plaintiff brings this action both on his own behalf and on behalf of the

24  classes he seeks to represent to redress Defendant's deceptive, misleading and untrue advertising,

25  and unlawful, unfair and fraudulent business acts and practices related to the manufacture,

26  marketing, advertising, sale and/or distribution of the "100% Natural" Products listed above.

27
28

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WACHOVIA TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL. (510) 891-9800

## JURISDICTION AND VENUE

6.     Jurisdiction is proper in this Court under 28 U.S.C. § 1332 (diversity jurisdiction) and/or 28 U.S.C. § 1331 (controversy arising under United States law). Supplemental jurisdiction to adjudicate issues pertaining to state law is proper in this Court under 28 U.S.C. § 1367.

7.     Venue is proper in this Court under 28 U.S.C. § 1391 because the events that give rise to Representative Plaintiff's claims took place within the Northern District of California and because Safeway sells and distributes its Products in this Judicial District.

## PLAINTIFFS

8.     Ryan Richards is an adult individual and resident of Novato, California. He is referred to in this amended Complaint as the "Representative Plaintiff."

9.     During the relevant time period, Representative Plaintiff purchased and consumed one or more of Defendant's Products.

10.     The Representative Plaintiff is and, throughout the entire class period asserted herein, has been very concerned about and tries to avoid consuming foods that are not natural, such as foods using synthetic or artificial chemical ingredients. For this reason, the Representative Plaintiff is willing to and has paid a premium for foods that are "100% Natural" and has refrained from buying their counterparts that were not "100% Natural." Based on the "100% Natural" representation on Defendant's Product labels, Representative Plaintiff and members of both classes reasonably believed the Products they purchased were "100% Natural" and relied on this representation in making the purchases thereof.

11.     Specifically, in the past several years, Representative Plaintiff purchased items such as Safeway's Open Nature Multi-Grain Waffles for himself and his daughter on multiple occasions from Safeway's grocery stores located in San Rafael and Novato, California, after reading and relying on the truthfulness of its labels' promise that these Products were "100% Natural." Representative Plaintiff saw and relied on these representations each time he purchased the Products. These representations were one of the reasons for Representative Plaintiff's purchase and he consistently relied on their truthfulness in making these purchases.

12.     Representative Plaintiff not only purchased the Products because the labels said they

were "100% Natural," but he paid more money for the Products than he would have had to pay for other similar products that were not "100% Natural" (i.e., products that admittedly contained man-made, synthetic ingredients).

13.    Had Representative Plaintiff known the truth that Defendant's Products were not "100% Natural," he would not have purchased Defendant's Products, but would have purchased other brands of food products that were truly "100% Natural" or, if such alternatives were not available, would have purchased other non-natural food products that were less expensive than Safeway's "100% Natural" Products.

14.    Representative Plaintiff is a "consumer" and "real party in interest," as required to bring this action, and as set out in California Civil Code § 1780(a). Moreover, Representative Plaintiff suffered damages and injury as a result of Defendant's conduct, as alleged herein.

15.    As used throughout this amended Complaint, the term "class members" and/or one or both of the "classes" refers to the Representative Plaintiff, as well as each and every person eligible for membership in one or more of the classes of persons, as further described and defined herein.

16.    At all times herein relevant, Representative Plaintiff is and was a person within both classes of persons, as further described and defined herein.

17.    Representative Plaintiff brings this action on behalf of himself and as a class action, pursuant to Rule 23 of the Federal Rules of Civil Procedure, on behalf of all persons similarly situated and proximately damaged by the unlawful conduct described herein.

## DEFENDANT

18.    At all times herein relevant, Safeway is a California Corporation with its principal executive offices located in Pleasanton, California. Upon information and belief, this Defendant advertises, markets, sells and distributes the "100% Natural" Products throughout the United States, including in this Judicial District.

## CLASS ACTION ALLEGATIONS

19.    Representative Plaintiff brings this action on behalf of himself and as a class action on behalf of the following classes:

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WACHOVIA TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL. (510) 891-9800

The "California Class":
All residents of California who, on or after September 18, 2009 purchased Safeway's food products that were labeled "100% Natural," yet contained Sodium Acid Pyrophosphate (aka, disodium dihydrogen pyrophosphate).

The "National Class":
All residents of the United States of America who, on or after September 18, 2009, purchased Safeway's food products that were labeled "100% Natural," yet contained Sodium Acid Pyrophosphate (aka, disodium dihydrogen pyrophosphate).

20.     Defendant and its officers and directors are excluded from each of the classes.

21.     This action has been brought and may properly be maintained as a class action under Federal Rule of Civil Procedure Rule 23 because there is a well-defined community of interest in the litigation and membership in the proposed classes is easily ascertainable:

a.      Numerosity: A class action is the only available method for the fair and efficient adjudication of this controversy. The members of each of the classes are so numerous that joinder of all members is impractical, if not impossible, insofar as the Representative Plaintiff is informed and believes and, on that basis, alleges that the total number of class members in either class is in the tens of thousands of individuals. Membership in the classes will be determined by analysis of point of sale, electronic-mail and/or other transactional information, among other records maintained by Safeway and/or entities affiliated therewith.

b.      Commonality: The Representative Plaintiff and the members of both classes share a community of interests in that there are numerous common questions and issues of fact and law which predominate over questions and issues solely affecting individual members, including, but not necessarily limited to:

1)      Whether Safeway's advertising of the Products was false, deceptive, and/or misleading;

2)      Whether Safeway knew or should have known that representing the Products as being "100% Natural" was false advertising thereof;

3)      Whether Safeway intentionally or negligently misrepresented, concealed or omitted a material fact regarding the true characteristics of the Products;

4)      Whether Safeway violated California Business and Professions Code § 17500, *et seq.* by engaging in misleading and/or deceptive advertising;

5)      Whether Safeway violated California Civil Code § 1750 and/or 1770, *et seq.* by representing that its food Products had/has characteristics, uses and/or benefits which they do/did not have, and/or representing that these Products were and are of a particular standard, quality or grade, when they were not;

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WACHOVIA TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL. (510) 891-9800

First Amended Complaint for Damages, Injunctive Relief and Restitution

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WACHOVIA TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL. (510) 891-9800

6) Whether Safeway violated California Business and Professions Code § 17200, *et seq.* by engaging in unfair, unlawful and/or fraudulent business practices;

7) Whether Safeway's misrepresentations, concealment and/or failures to disclose material fact(s) regarding the "100% Natural" characteristics of the Products is a breach of contract;

8) Whether injunctive, corrective and/or declaratory relief is appropriate;

9) Whether Safeway's conduct rises to the level sufficient to warrant an award of punitive damages.

c. <u>Typicality</u>: The Representative Plaintiff's claims are typical of the claims of the members of each of the classes. Representative Plaintiff and all members of each of the classes sustained damages arising out of and caused by Defendant's common course of conduct in violation of law, as alleged herein.

d. <u>Adequacy of Representation</u>: The Representative Plaintiff in this class action is an adequate representatives of each of the classes in that the Representative Plaintiff has the same interest in the litigation of this case as the members of both classes, is committed to vigorous prosecution of this case and has retained competent counsel who is experienced in prosecuting litigation of this nature. The Representative Plaintiff is not subject to any individual defenses unique from those conceivably applicable to other class members or the classes in their entirety. The Representative Plaintiff anticipates no management difficulties in this litigation.

e. <u>Superiority of Class Action</u>: Since the damages suffered by individual class members, while not inconsequential, may be relatively small, the expense and burden of individual litigation by each member makes or may make it impractical for members of each of the classes to seek redress individually for the wrongful conduct alleged herein. Should separate actions be brought or be required to be brought, by each individual member of each of the classes, the resulting multiplicity of lawsuits would cause undue hardship and expense for the Court and the litigants. The prosecution of separate actions would also create a risk of inconsistent rulings which might be dispositive of the interests of other class members who are not parties to the adjudications and/or may substantially impede their ability to adequately protect their interests.

22. This action is also certifiable under the provisions of Federal Rule of Civil Procedure 23(b)(l) and/or 23(b)(2).

23. Representative Plaintiff reserves the right to establish sub-classes as appropriate, and to amend the class definitions if discovery and further investigation reveal that the definitions should be expanded or otherwise modified.

First Amended Complaint for Damages, Injunctive Relief and Restitution

1

**COMMON FACTUAL ALLEGATIONS**

2          24.    Safeway created its Open Nature product line specifically for consumers seeking food

3    made with all natural ingredients. As Safeway explains: "When it comes to your food, you've got

4    high standards. That's why Open Nature™ was made for you. It's Safeway's exclusive line that's all-

5    natural and 100% delicious." *See* http://www.safeway.com/ShopStores/Well-and-Good-Home.page.

6          25.    Through broad-based marketing efforts, Defendant Safeway touts its Open Nature

7    products as made with "the best quality ingredients that nature offers" because Safeway allegedly

8    wants "you to feel confident that when you choose Open Nature, you'll be getting food that's simple,

9    real and delicious." *See* http://www.safeway.com/ShopStores/Open-Nature-Story.page.

10         26.    Safeway's website prominently displays its "Open Nature™ Promise" that

11   "ingredients should come from nature," and even goes so far as to warn consumers of the dangers of

12   unnatural ingredients: "Food products, particularly packaged food, can contain many hidden

13   ingredients, like artificial flavors, colors, and preservative. We believe that this gets in the way of

14   enjoying the natural taste of real, whole foods. And of course, it goes without saying that there are

15   health benefits to eating more of the natural stuff and less of the artificial stuff!" *See*

16   http://www.safeway.com/ShopStores/Open-Nature-FAQ.page.

17         27.    In branding its Open Nature Products as "100% Natural," Safeway tells consumers

18   that, since "there are no government regulations behind natural products….it is up to individual

19   companies to establish their own standards and abide by them with integrity." *See*

20   http://www.safeway.com/ShopStores/Open-Nature-FAQ.page. Safeway then asks consumers to

21   "trust" Safeway, promising to list the ingredients on the front of the package "so that you know

22   exactly what you are getting." *See id.*

23         28.    Finally, Safeway tells its investors that it is "one of the largest food and drug retailers

24   in North America," (selling goods in 1,418 stores across the United States, 506 of those in

25   California) and "successfully differentiates" its offering through, among a handful of other things,

26   "Health and Wellness-focused initiatives." *See* Attachment "C" hereto, Safeway's Corporate Profile

27   at http://www.safeway.com/ShopStores/Investors.page#iframetop.

28

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WACHOVIA TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL. (510) 891-9800

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WACHOVIA TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL. (510) 891-9800

29.     Throughout the class period, Safeway engaged in the unfair, unlawful, deceptive, and fraudulent practice of describing and falsely advertising the Products listed heretofore in this amended Complaint as "100% Natural" when, in fact, they contain the synthetic chemical ingredient identified below. Specifically, these Products contain, or contained at the time Representative Plaintiff purchased them, one or more non-natural, highly processed ingredients such as Sodium Acid Pyrophosphate.

### THE PRODUCTS' SYNTHETIC INGREDIENT

30.     Sodium Acid Pyrophosphate (hereinafter referred to as "SAPP"), an odorless white powder, also referred to as disodium dihydrogen pyrophosphate and/or disodium pyrophosphate, has various applications—from its use in leather treatment to remove iron stains on hides during processing, to stabilizing hydrogen peroxide solutions against reduction, to facilitating hair removal in hog slaughter, to feather removal from birds in poultry slaughter, to use in petroleum production.

31.     Defendant uses SAPP in its food Products that it sells to consumers, and labels the resultant Products "100% Natural." Not only is SAPP a synthetic product, but there are warnings that excessive use can lead to imbalanced levels of minerals in the body and bone loss.

32.     The Products at issue herein are labeled "100% Natural," yet contain the non-natural ingredient listed above.

### DEFENDANT'S STRATEGY TO APPEAL TO HEALTH-CONSCIOUS CONSUMERS

33.     Defendant engaged in this fraudulent advertising and marketing scheme because it knew that its target market values and will pay more for "100% Natural" food products than for conventional food products, due to the association consumers make between "100% Natural" food products and a wholesome way of life, the perceived higher quality, health and safety benefits of the products, and/or low impact on the environment.

34.     As such, Safeway's "100% Natural" labeling is central to its marketing of the Products and part of its overall strategy to capture the rapidly-expanding natural foods market. As a result, Safeway commands a premium price for the Products, using "100% Natural" claims to distinguish them from its competitors' food products.

35.     As Safeway undoubtedly knows, many American consumers are health-conscious and seek out wholesome, natural foods to keep a healthy diet. Because of this, consumers routinely take nutrition information into consideration in selecting and purchasing food items.

36.     Consumers also value "100% Natural" ingredients for myriad other reasons, including perceived benefits of avoiding disease, helping the environment, assisting local farmers, assisting factory workers who would otherwise be exposed to synthetic and hazardous substances, and financially supporting the companies that share these values.

37.     Product package labels, including nutrition labels, are vehicles that convey nutrition information to consumers which they can and do use to make purchasing decisions. As noted by Food and Drug Administration Commissioner Margaret Hamburg during an October 2009 media briefing, "[s]tudies show that consumers trust and believe the nutrition facts information and that many consumers use it to help them build a healthy diet."

38.     The prevalence of claims about nutritional content on food packaging in the United States has increased in recent years as manufacturers have sought to provide consumers with nutrition information and thereby influence their purchasing decisions. Indeed, a substantial percentage of food products sold in the United States have a health claim or a qualified health claim on the food package, and even more have nutrient content claims on their packaging.

39.     Consumers attribute a wide range of benefits to foods made entirely of natural ingredients. Consumers perceive "100% Natural" foods to be higher quality, healthier, safer to eat, and less damaging to the environment.

40.     Catering to consumers' taste for natural foods is tremendously advantageous for businesses. In 2008, foods labeled with the word "natural" produced $22.3 billion in sales, a 10% increase from 2007, and a 37% increase from 2004. In 2009, sales jumped again by 4%.

41.     It was in an effort to capture the growing demand and to entice consumers to purchase its Products that Safeway committed the unlawful acts detailed in this amended Complaint.

42.     Consumers lack the ability to test or independently ascertain the accuracy of a food product label, especially at the point of sale. Reasonable consumers must and do rely on the company to honestly report the nature of a food product's ingredients.

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WACHOVIA TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL. (510) 891-9800

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WACHOVIA TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL. (510) 891-9800

43.     Moreover, not having the specialized food chemistry and regulatory knowledge necessary to make independent determinations thereof, a reasonable consumer would interpret the fine-print ingredient label in a way to be consistent with the front label representation.

44.     Food product companies intend for consumers to rely upon their products' labels, and reasonable consumers do, in fact, so rely. Those labels are the only available source of information consumers can use to make decisions on whether to buy "100% Natural" food products.

45.     As a result of its false and misleading labeling, Defendant was able to sell its Products to thousands, if not hundreds of thousands of consumers, throughout the United States, and to profit handsomely from these transactions.

**DEFINITION OF "100% NATURAL"**

46.     Representing that a food product or ingredient is "100% Natural" is a statement of fact, and this term has been defined by the federal governmental agencies that regulate food companies such as Defendant.

47.     Specifically, the FDA has established a policy and defined the outer boundaries of the use of the term "natural." According to this agency, at the very least, a product is not "natural" if it contains color, artificial flavors, or synthetic substances. *See* www.fda.gov/downloads/ForConsumers/ConsumerUpdates/UCM199361.pdf.

48.     Pursuant to 7 C.F.R. § 205.2, an ingredient is synthetic if it is:

[a] substance that is formulated or manufactured by a chemical process or by a process that chemically changes a substance extracted from naturally occurring plant, animal, or mineral sources, except that such term shall not apply to substances created by naturally occurring biological processes.

49.     Similarly, the USDA's Food Safety and Inspection Service ("FSIS") defines a "natural" product as a product that does not contain any artificial or synthetic ingredient and does not contain any ingredient that is more than "minimally processed":

Minimal processing may include: (a) those traditional processes used to make food edible or to preserve it or to make it safe for human consumption, e.g., smoking, roasting, freezing, drying, and fermenting, or (b) those physical processes which do not fundamentally alter the raw product and/or which only separate a whole, intact food into component parts, e.g., grinding meat, separating eggs into albumen and

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WACHOVIA TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL. (510) 891-9800

yolk, and pressing fruits to produce juices.

Relatively severe processes, e.g., solvent extraction, acid hydrolysis, and chemical bleaching would clearly be considered more than minimal processing. . . .

*See* USDA FSIS, Food Standards and Labeling Policy Book, available at www.fsis.usda.gov/OPPDE/larc/Policies/Labeling_Policy_Book_082005.pdf.

50.    A reasonable consumer's understanding of the term "natural" comports with these federal definitions.

51.    A reasonable consumer would also expect that Defendant's Products are what Defendant identifies them to be on its labels (i.e., that they are 100% Natural).

## DEFENDANT'S MISREPRESENTATIONS

52.    Throughout the class period, Safeway prominently and repeatedly included the phrase "100% Natural" on the labels of the Products at issue here, thereby cultivating a wholesome, healthful and socially-conscious image in an effort to promote the sale of these Products, even though they were not "100% Natural."

53.    Defendant made these false, misleading, and deceptive representations by labeling them in the manner details in the paragraphs below, and as shown in Attachment "A" hereto. From an advertising "best practices" perspective, Safeway makes maximum use of the available space on the Products' packaging to announce the Products' alleged "100% Natural" character.

54.    Specifically, the "100% Natural" representation appears nine times and on all six sides of the Products' packaging as part of the Open Nature logo. *See* Attachment "A" hereto. The phrase "100% Natural" appears again on the Products' box front side in large lettering immediately beneath the identification of the Product (i.e., Homestyle Waffles) and above the claim "No Artificial Preservatives." *See id.* The "100% Natural" claim is asterisked, and the asterisk is defined at the bottom of the front label as "*all ingredients from natural sources." *See id.* Although Safeway's website ensures customers that it "list[s] the ingredients on the front of the package, so that you know exactly what you are getting," it does not list SAPP on the front of the package with the other ingredients. *See* http://www.safeway.com/ShopStores/Open-Nature-FAQ.page; s*ee id.*

55.    In addition to the logo containing the "100% Natural" promise, the right and left sides

First Amended Complaint for Damages, Injunctive Relief and Restitution

1  of the package also state "100% Natural" in large lettering immediately beneath the identification of

2  the Product and above the claim "No Artificial Preservatives." *See* Attachment "A" hereto. This

3  "100% Natural" claim is again asterisked and the asterisk is defined at the bottom of the side labels

4  as "*all ingredients from natural sources." *See id.*

5      56.      In addition to the logo containing the "100% Natural" promise, the back side of the

6  package also states: "Open Nature™ is about delicious flavor, straight from nature. We only use

7  ingredients from natural sources across our entire line. Always. No artificial anything. Food

8  thoughtfully prepared with as little processing as possible. Food made with our belief: "Nature has

9  nothing to hide, neither should your food.™" *See* Attachment "A" hereto.

10     57.      For those consumers savvy enough to consider additional investigation, Safeway

11  demotivates them from doing so by further misrepresenting the all-natural characteristics of its

12  "Open Nature" Products by claiming: "Food products, particularly packaged foods, can contain

13  many hidden ingredients, like artificial flavors, colors, and preservatives. We believe that this gets in

14  the way of enjoying the natural taste of real, whole foods. And of course, it goes without saying that

15  there are health benefits to eating more of the natural stuff and less of the artificial stuff!" *See*

16  http://www.safeway.com/ShopStores/Open-Nature-FAQ.page.

17     58.      Safeway repeats these promises of the "100 Natural" characteristics of its Open

18  Nature Products on other pages of its website such as those shown in Attachment "B" hereto.

19     **DEFENDANT'S KNOWLEDGE OF THE FALSITY OF ITS ADVERTISING**

20     59.      Defendant knew what representations it made regarding the Products, insofar as all of

21  those representations appeared on the Products' packages.

22     60.      Defendant also knew what ingredients were added to each Product, since it

23  manufactured the Products itself and then listed all of the Product ingredients on the Product

24  packages.

25     61.      Defendant is governed by and knew the federal regulations that control the labeling of

26  its food Products and, thus, was aware that some of the ingredients have been federally declared to

27  be synthetic substances and/or require extensive processing to be safely used as a food ingredient.

28  Defendant has retained expert nutritionists, food chemists, and other scientists, and has spent much

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WACHOVIA TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

time and money in developing its own food technologies, such that it was aware that the synthetic substances used in its Products are not natural.

62.     Despite this knowledge, Defendant endeavored to hide its wrongdoing and redirect consumers from further investigation by advertising on its website that "[c]urrently, there are no government regulations behind natural products. It is up to individual companies to establish their own standards and abide by them with integrity. We hope you will find Open Nature to be a brand you can trust." *See* http://www.safeway.com/ShopStores/Open-Nature-FAQ.page.

63.     As such, Defendant knew all the facts demonstrating that its Products contain synthetic substances, that the Products are falsely labeled and that, by its website's further false statements, consumers would rely on Safeway's misrepresentations to these consumers' detriment.

64.     The misrepresentations and omissions were uniform and were communicated to Representative Plaintiff and to each member of each class at every point of purchase and consumption.

65.     Since Representative Plaintiff and the members of the classes are not at fault for failing to discover Defendant's wrongs before now and, thus, had no actual or presumptive knowledge of facts sufficient to put them on inquiry, and since, to this day, Defendant has concealed and suppressed the true characteristics of the Products, Defendant's continuing concealment tolls the applicable statute of limitations.

## RELIANCE OF DEFENDANT'S FALSE REPRESENTATIONS

66.     Consumers frequently rely on food label representations and information in making purchase decisions.

67.     Each time Representative Plaintiff and the class members purchased the "100% Natural" Products, Representative Plaintiff and the class members saw the Products' packages and, thus, also saw the false, misleading, and deceptive representations detailed above, yet did not receive disclosure of the facts concealed as detailed above.

68.     Representative Plaintiff and the class members were among the intended recipients of Defendant's deceptive representations and omissions.

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WACHOVIA TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL. (510) 891-9800

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WACHOVIA TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL. (510) 891-9800

69.     Representative Plaintiff and the class members reasonably relied to their detriment on Defendant's misleading representations and omissions.

70.     Defendant's false, misleading, and deceptive misrepresentations and omissions were intended to deceive and mislead, and are likely to continue to deceive and mislead Representative Plaintiff, class members, reasonable consumers, and the general public.

71.     Defendant's deceptive representations and omissions are material in that a reasonable person would attach importance to such information and would be induced to act upon such information in making purchase decisions. As such, Representative Plaintiff's and class members' reliance upon such representations and omissions may be presumed as a matter of law. The materiality of those representations and omissions also establishes causation between Defendant's conduct and the injuries sustained by Representative Plaintiff and members of both classes.

72.     As a direct and proximate result of Defendant's unfair and wrongful conduct, as set forth herein, Representative Plaintiff and class members (1) were misled into purchasing the Products, (2) received a product that failed to meet Defendant's promises and reasonable expectations, (3) paid a sum (indeed, a premium sum) of money for a product that was not as represented and, thus, were deprived of the benefit of the bargain because the purchased Products had less value than what was represented by Defendant, (4) ingested a substance that was other than what was represented by Defendant and that Representative Plaintiff and class members did not expect or give informed consent to, (5) ingested a product that did not bring the health benefits Defendant promised and may, in fact, be produced using a substance that is generally harmful to health and, *inter alia*, (6) were forced to unwittingly support a company that contributes to environmental, ecological, or health damage and denied the benefit of supporting companies that sell "100% Natural" foods and contributes to environmental sustainability and better health.

73.     Defendant, at all times, knew that Representative Plaintiff and class members would consider the Products' allegedly "100% Natural" characteristics to be material in their decision to purchase them and would rely upon the misrepresentations and/or omissions of Defendant. Defendant's concealment, misbranding and non-disclosure were intended to influence consumers' purchasing decisions and were done with reckless disregard for the rights of consumers.

1   Representative Plaintiff's and class members' reliance and resultant substantial monetary loss were

2   reasonably foreseeable by Defendant.

3       74.     This action is brought to redress and end Safeway's pattern of unfair and wrongful

4   conduct. Indeed, without an award of damages and injunctive relief by this Court, Defendant is

5   likely to continue to injure consumers and harm the public interest.

6       75.     In fact, as of the date of filing this amended Complaint, Safeway retail stores in the

7   United States and California are still selling the Products at issue and labeling them "100% Natural."

8   Even if, during the pendency of this litigation, Defendant elected to remove the "100% Natural"

9   labeling from the Products, Defendant is not presently enjoined from putting the "100% Natural"

10  representation back on its labels at any time it so decides. Accordingly, Representative Plaintiff

11  seeks declaratory and injunctive relief to ensure Safeway has, in fact, removed any and all of the

12  "100% Natural" representations from labels on the Products still available for purchase, and to

13  prevent Defendant from making the "100% Natural" representation on the Product labels in the

14  future as long as the Products continue to contain synthetic ingredients.

**FIRST CLAIM FOR RELIEF**
**Deceptive Advertising Practices**
**(California Business & Professions Code §§ 17500, et seq.)**
**(*for the California Class Only*)**

19      76.     The Representative Plaintiff incorporates in this cause of action each and every

20  allegation of the preceding paragraphs, with the same force and effect as though fully set forth

21  herein.

22      77.     California Business & Professions Code § 17500 prohibits "unfair, deceptive, untrue

23  or misleading advertising."

24      78.     Defendant violated California Business & Professions Code § 17500 when it

25  represented, through its false and misleading advertising, and other express representations, that

26  Safeway's "100% Natural" Products possessed characteristics and a value that they did not actually

27  have.

28

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WACHOVIA TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL. (510) 891-9800

79.     Defendant's deceptive practices were specifically designed to induce Representative Plaintiff and members of the California class to purchase the Products. Defendant engaged in broad-based marketing efforts to reach Representative Plaintiff and California class members and to induce them to purchase these Products. Defendant was successful in masking its dishonesty insofar as it did induce Representative Plaintiff and members of the California class to unwittingly purchase the Products.

80.     Representative Plaintiff and members of the California class would not have purchased and consumed the Products had it not been for Defendant's misrepresentations of material facts. Representative Plaintiff and members of the California class were denied the benefit of the bargain when they decided to purchase the Products over competitor products (which are less expensive, actually contain "100% Natural" ingredients and/or do not unlawfully claim to be "100% Natural"). Had Representative Plaintiff and members of the California class been aware of these false and misleading advertising tactics, they would have paid less than what they did pay for these Products, or they would not have purchased the Products at all.

81.     The above acts of Defendant, in disseminating said misleading and deceptive representations and statements throughout the State of California to consumers, including Representative Plaintiff and members of the California class, were and are likely to deceive reasonable consumers by obfuscating the nature of the ingredients of the "100% Natural" Products, all in violation of California Business and Professions Code § 17500, *et seq.*

82.     In making and disseminating the statements alleged herein, Defendant knew or should have known that the statements were untrue or misleading, and acted in violation of California Business & Professions Code § 17500, *et seq.*

83.     To this day, Defendant continues to engage in unlawful, unfair and deceptive practices in violation of California Business & Professions Code § 17500. Specifically, Defendant continues to use advertising on its packaging and on its website that is deceptive to induce consumers to purchase the "100% Natural" Products.

84.     As a direct and proximate result of Defendant's unlawful conduct in violation of California Business & Professions Code § 17500, Representative Plaintiff and Representative

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WACHOVIA TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL. (510) 891-9800

1   Plaintiff and members of the California class, pursuant to California Business and Professions

2   Code § 17535, are entitled to an Order of this Court enjoining such future wrongful conduct on the

3   part of Defendant, and requiring Defendant to fully disclose the true nature of its misrepresentations.

4       85.     Additionally, Representative Plaintiff and members of the California class request an

5   Order requiring Defendant to disgorge its ill-gotten gains and/or award full restitution of all monies

6   wrongfully acquired by Defendant by means of such acts of false advertising, plus interest and

7   attorneys' fees.

8                   **SECOND CLAIM FOR RELIEF**
                    **Consumers Legal Remedies Act**
9                   **(California Civil Code § 1750, et seq.)**
                    ***(for the California Class Only)***
10

11       86.     Representative Plaintiff incorporates in this cause of action each and every allegation

12   of the preceding paragraphs, with the same force and effect as though fully set forth herein.

13       87.     Representative Plaintiff brings this action pursuant to California's Consumer Legal

14   Remedies Act ("CLRA"); California Civil Code § 1750, *et seq.*

15       88.     The CLRA provides that "unfair methods of competition and unfair or deceptive

16   acts or practices undertaken by any person in a transaction intended to result or which results in

17   the sale or lease of goods or services to any consumer are unlawful."

18       89.     The "100% Natural" Products are "goods," as defined by the CLRA in California

19   Civil Code § 1761(a).

20       90.     Defendant is a "person," as defined by the CLRA in California Civil Code §

21   1761(c).

22       91.     Representative Plaintiff and members of the California class are "consumers," as

23   defined by the CLRA in California Civil Code § 1761(d).

24       92.     Purchases of the "100% Natural" Products by Representative Plaintiff and members of

25   the California class are "transactions," as defined by California Civil Code § 1761(e).

26       93.     Defendant engaged in unfair and deceptive acts declared unlawful by the CLRA by

27   knowingly and intentionally mislabeling the "100% Natural" Products when, in fact, these Products

28   contain one or more artificial man-made ingredients (i.e., that do not occur in nature).

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
1970 BROADWAY, NINTH FLOOR
THE WACHOVIA TOWER
OAKLAND, CA 94612
TEL: (510) 891-9800

94.     Representing that its food Products had/has characteristics, uses and/or benefits which they do/did not have, and representing that these Products were and are of a particular standard, quality or grade, when they were, in fact, of another standard, quality and/or grade, constituted and continues to constitute an unfair or deceptive trade practice under the provisions of California Civil Code §§ 1770(a)(5) and 1770(a)(7).

95.     Defendant violated the CRLA by representing and advertising that these Products, as discussed above, were "100% Natural." Defendant knew, however, that this was not the case and that, in reality, these Products contained one or more synthetic chemical ingredients.

96.     Representative Plaintiff and members of California class reasonably and justifiably relied on Defendant's misrepresentations in purchasing these misbranded Products. Had the Products been honestly advertised and labeled, Representative Plaintiff and members of California class would not have purchased them and/or would have paid less than what they did pay for these Products.

97.     Representative Plaintiff and members of California class were unaware of the existence of facts that Defendant suppressed and failed to disclose and, had the facts been known, would not have purchased the Products and/or purchased them at the prices at which they were offered.

98.     Representative Plaintiff and the members of the California class have been directly and proximately injured by Defendant's conduct. Such injury may, but does not necessarily include and is not limited to, the purchase of the Products and/or the purchase of the Products at the prices at which they were offered.

99.     Insofar as Defendant's conduct violated California Civil Code § 1770(a)(5), Representative Plaintiff and members of the California class are entitled to (pursuant to California Civil Code § 1780, *et seq*.) and do seek injunctive relief to end Defendant's violations of the California Consumers Legal Remedies Act.

100.     Moreover, Defendant's conduct is malicious, fraudulent, and wanton. Defendant intentionally misleads and withholds material information from consumers to increase the sale of its Products.

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WACHOVIA TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

101.    Pursuant to California Civil Code § 1782(a), Representative Plaintiff on his own behalf, and on behalf of members of the California class, has notified Safeway of the alleged violations of the Consumer Legal Remedies Act. If, after 30 days from the date of the notification letter, Safeway has failed to provide appropriate relief for the violations, Representative Plaintiff will amend this amended Complaint to seek compensatory, monetary and punitive damages, in addition to equitable and injunctive relief, and will further request that this Court enter such Orders or judgments as may be necessary to restore to any person in interest any money which may have been acquired by means of such unfair business practices, and for such other relief as provided in California Civil Code § 1780 and the Prayer for Relief.

### THIRD CLAIM FOR RELIEF
**Common Law Fraud**
***(for the California and Nationwide Classes)***

102.    Representative Plaintiff incorporates in this cause of action each and every allegation of the preceding paragraphs, with the same force and effect as though fully set forth herein.

103.    Defendant willfully, falsely, and knowingly misrepresented material facts relating to the character and quality of the Products. These misrepresentations are contained in various media advertising and packaging disseminated or caused to be disseminated by Defendant, and such misrepresentations were reiterated and disseminated by officers, agents, representatives, servants, or employees of Defendant, acting within the scope of their authority, and employed by Defendant to merchandise and market the Products.

104.    Defendant's misrepresentations were the type of misrepresentations that are material (i.e., the type of misrepresentations to which a reasonable person would attach importance and would be induced to act thereon in making purchase decisions).

105.    Defendant knew that the misrepresentations alleged herein were false at the time it made them and/or acted recklessly in making such misrepresentations.

106.    Defendant intended that Representative Plaintiff and members of both classes rely on the misrepresentations alleged herein and purchase the Products.

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WACHOVIA TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL. (510) 891-9800

107.     Representative Plaintiff and members of both classes reasonably and justifiably relied on Defendant's misrepresentations when purchasing the Products, were unaware of the existence of facts that Defendant suppressed and failed to disclose, and, had the facts been known, would not have purchased the Products and/or purchased them at the prices at which they were offered.

108.     As a direct and proximate result of Defendant's wrongful conduct, Representative Plaintiff and members of both classes have suffered and continue to suffer economic losses and other general and specific damages, including, but not necessarily limited to, the monies paid to Defendant, and any interest that would have accrued on those monies, all in an amount to be proven at trial.

109.     Moreover, in that, at all times herein mentioned, Defendant intended to cause or acted with reckless disregard of the probability of causing damage to Representative Plaintiff and members of both classes, and because Defendant was guilty of oppressive, fraudulent and/or malicious conduct, Representative Plaintiff and members of both classes are entitled to an award of exemplary or punitive damages against Defendant in an amount adequate to deter such conduct in the future.

## FOURTH CLAIM FOR RELIEF
### Negligent Misrepresentation
### (*for the California and Nationwide Classes*)

110.     Representative Plaintiff incorporates in this cause of action each and every allegation of the preceding paragraphs, with the same force and effect as though fully set forth herein.

111.     Defendant, directly or through its agents and employees, made false representations to Representative Plaintiff and members of both classes.

112.     Defendant owed a duty to Representative Plaintiff and members of both classes to disclose the material facts set forth above about the Products.

113.     In making the representations, and in doing the acts alleged above, Defendant acted without any reasonable grounds for believing the representations were true, and intended by said representations to induce the reliance of Representative Plaintiff and members of both classes.

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WACHOVIA TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL. (510) 891-9800

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WACHOVIA TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL. (510) 891-9800

114.    Representative Plaintiff and members of both classes reasonably and justifiably relied on Defendant's misrepresentations when purchasing the "100% Natural" Products, were unaware of the existence of facts that Defendant suppressed and failed to disclose and, had the facts been known, would not have purchased the Products and/or purchased them at the price at which they were offered.

115.    As a direct and proximate result of these misrepresentations, Representative Plaintiff and members of both classes have suffered and continue to suffer economic losses and other general and specific damages, including but not limited to the amounts paid for the "100% Natural" Products, and any interest that would have accrued on those monies, all in an amount to be proven at trial.

### FIFTH CLAIM FOR RELIEF
**Breach of Express Warranty**
(*for the California Class Only*)

116.    Representative Plaintiff incorporates in this cause of action each and every allegation of the preceding paragraphs, with the same force and effect as though fully set forth herein.

117.    By advertising and selling the Products at issue here as "100% Natural," Defendant made promises and affirmations of fact on these Products' packaging, and through its marketing and advertising, as described above. This marketing and advertising constitutes express warranties and became part of the basis of the bargain between Representative Plaintiff and members of the California class, on the one hand, and Defendant, on the other.

118.    Defendant purports, through its advertising, to create express warranties of the Products at issue here as "100% Natural" by making the affirmation of fact, and promising that these Products were and are "100% Natural."

119.    Despite express warranties about the "100% Natural" character of these Products, the "100% Natural" Products contain one or more synthetic chemical ingredients, as discussed above.

120.    Defendant breached express warranties about these Products and their qualities because these Products do not conform to Defendant's affirmations and promises to be "100% Natural."

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WACHOVIA TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL. (510) 891-9800

121.    As a direct and proximate result of Defendant's breach of express warranty, Representative Plaintiff and members of the California class were harmed in the amount of the purchase price they paid for these Products. Moreover, Representative Plaintiff and members of both classes have suffered and continue to suffer economic losses and other general and specific damages, including but not limited to the amounts paid for the "100% Natural" Products, and any interest that would have accrued on those monies, all in an amount to be proven at trial.

### SIXTH CLAIM FOR RELIEF
**Breach of Contract**
***(for the California and Nationwide Classes)***

122.    Representative Plaintiff incorporates in this claim for relief each and every allegation of the preceding paragraphs, with the same force and effect as though fully set forth herein.

123.    Representative Plaintiff and members of both classes had a valid contract, supported by sufficient consideration, pursuant to which Defendant was obligated to provide food products which were, in fact, "100% Natural," as represented by Defendant.

124.    Defendant materially breached its contract with Representative Plaintiff and members of both classes by providing the Products which were not "100% Natural."

125.    As a result of Defendant's breach, Representative Plaintiff and members of both classes were damaged in that they received a product with less value than the amount paid. Moreover, Representative Plaintiff and members of both classes have suffered and continue to suffer economic losses and other general and specific damages, including but not limited to the amounts paid for the "100% Natural" Products, and any interest that would have accrued on those monies, all in an amount to be proven at trial.

### SEVENTH CLAIM FOR RELIEF
**Unfair Business Practices**
**(California Business & Professions Code §§ 17200-17208)**
***(for the California Class Only)***

126.    Representative Plaintiff incorporates in this claim for relief each and every allegation of the preceding paragraphs, with the same force and effect as though fully set forth herein.

127.     Representative Plaintiff brings this claim seeking equitable and injunctive relief to stop Defendant's misconduct, as complained of herein, and to seek restitution of the amounts Defendant acquired through the unfair, unlawful, and fraudulent business practices described herein.

128.     Defendant's knowing conduct, as alleged herein, constitutes an "unfair" and/or "fraudulent" business practice, as set forth in California Business & Professions Code §§ 17200-17208. Plaintiff also asserts a violation of public policy by Defendant by withholding material facts from consumers.

129.     Defendant's conduct was and continues to be fraudulent, because directly or through its agents and employees, Defendant made false representations to Representative Plaintiff and members of the California class that were likely to deceive them. These false representations (i.e., the labeling of the Products as "100% Natural") is and was likely to deceive reasonable California purchasers, such as the Representative Plaintiff and members of the California class, into purchasing the Products.

130.     There were reasonable alternatives available to Defendant to further Defendant's legitimate business interests, other than the conduct described herein.

131.     Defendant's misrepresentations of material facts, as set forth herein, also constitute an "unlawful" practice because they, *inter alia*, violate California Civil Code §§ 1572, 1573, 1709, 1710, 1711 and 1770, as well as the common law. Further, Defendant's misrepresentations violate California's Sherman Food, Drug, and Cosmetic Law ("Sherman Law") which provides (in Article 6, § 110660 thereof) that: "Any food is misbranded if its labeling is false or misleading in any particular."

132.     Finally, Defendant's conduct violates the FDA's policy concerning what is "natural," as set forth throughout this amended Complaint, although Representative Plaintiff does not seek to enforce any of the state law claims raised herein so as to impose any standard of conduct that exceeds that which would violate the FDA policy concerning, or definitions of what is "natural."

133.     Defendant's conduct in making the representations described herein, constitutes a knowing failure to adopt policies in accordance with and/or adherence to applicable laws, as set forth

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WACHOVIA TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WACHOVIA TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL. (510) 891-9800

herein, all of which are binding upon and burdensome to its competitors. This conduct engenders an unfair competitive advantage for Safeway, thereby constituting an unfair business practice under California Business & Professions Code §§ 17200-17208.

134.     In addition, Defendant's conduct was, and continues to be, unfair, in that its injury to countless purchasers of the Products is substantial, and is not outweighed by any countervailing benefits to consumers or to competitors.

135.     Moreover, Representative Plaintiff and members of the California class could not have reasonably avoided such injury, given that Safeway failed to disclose the Products' true characteristics at any point. Representative Plaintiff and members of the California class purchased the Products in reliance on the representations made by Defendant, as alleged herein.

136.     Representative Plaintiff and members of the California class have been directly and proximately injured by Defendant's conduct in ways including, but not necessarily limited to, the money paid to Defendant for products that lack the characteristics advertised, interest lost on those monies, and their unwitting support of a business enterprise that promotes deception and undue greed to the detriment of health- and environmentally-conscious consumers.

137.     As a result of the business acts and practices described above, Representative Plaintiff and members of the California class, pursuant to California Business and Professions Code § 17203, are entitled to an Order enjoining such future wrongful conduct on the part of Defendant and such other Orders and judgments which may be necessary to disgorge Defendant's ill-gotten gains and to restore to any person in interest any money paid for the "100% Natural" Products as a result of the wrongful conduct of Defendant.

138.     Defendant has clearly established a policy of accepting a certain amount of collateral damage, as represented by the damages to the Representative Plaintiff and members of the California class herein alleged, as incidental to its business operations, rather than accept the alternative costs of full compliance with fair, lawful, and honest business practices, ordinarily borne by its responsible competitors and as set forth in legislation and the judicial record.

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WACHOVIA TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL. (510) 891-9800

### EIGHTH CLAIM FOR RELIEF
### Quasi-Contract/Unjust Enrichment
### *(for the California and Nationwide Classes)*

139.   Representative Plaintiff incorporates in this cause of action each and every allegation of the preceding paragraphs, with the same force and effect as though fully set forth herein.

140.   As alleged herein, Defendant intentionally and/or recklessly made false representations to Representative Plaintiff and members of both classes to induce them to purchase the Products. Representative Plaintiff and members of both classes reasonably relied on these false representations when purchasing the Products.

141.   Representative Plaintiff and members of both classes did not receive all of the benefits promised by Defendant, and paid more to Defendant for the Products than they otherwise would and/or should have paid.

142.   Safeway's conduct in enticing Representative Plaintiff and members of both classes to purchase Defendant's Products through Defendant's false and misleading packaging, as described in this amended Complaint, is unlawful because the statements contained on the Product labels are untrue. Safeway took monies from Representative Plaintiff and members of both classes for products promised to be "100% Natural," even though the Products were not "100% Natural" as detailed in this amended Complaint. Safeway has been unjustly enriched at the expense of Representative Plaintiff and members of both classes as a result of the unlawful conduct alleged herein, thereby creating a quasi-contractual obligation on Safeway to restore these ill-gotten gains to Representative Plaintiff and member of both classes.

143.   It would be inequitable and unconscionable for Defendant to retain the profit, benefit and/or other compensation it obtained from its deceptive, misleading, and unlawful conduct alleged herein.

144.   As a direct and proximate result of Safeway's unjust enrichment, Representative Plaintiff and members of both classes are entitled to restitution of, disgorgement of, and/or the imposition of a constructive trust upon all profits, benefits, and other compensation obtained by Defendant from its deceptive, misleading, and unlawful conduct as alleged herein.

**RELIEF SOUGHT**

**WHEREFORE, the Representative Plaintiff,** on behalf of himself and each of the proposed **Plaintiff classes**, prays for judgment and the following specific relief against **Defendant**, as follows:

1.      That the Court declare, adjudge and decree that this action is a proper class action and certify each of the proposed classes and/or any other appropriate subclasses under F.R.C.P. Rule 23(b)1, (b)(2) and/or (b)(3);

2.      That defendant Safeway is found to have violated California Business & Professions Code § 17200, *et seq*., § 17500, *et seq*., and California Civil Code § 1750, *et seq*., and § 1790, *et seq*., as to the Representative Plaintiff and class members;

3.      That defendant Safeway be found to have breached its contracts with Representative Plaintiff and members of both classes;

4.      That the Court further enjoin Defendant, ordering it to cease and desist from unlawful activities in further violation of California Business and Professions Code § 17200, *et seq.*;

5.      For a preliminary and permanent injunction enjoining Defendant from advertising, representing, or otherwise holding out for sale within the United States of America, any products which contain Sodium Acid Pyrophosphate (also known as disodium dihydrogen pyrophosphate) as being "100% Natural";

6.      For an Order requiring Defendant to provide a form of corrective advertising to correct the misrepresentations, misstatements and omissions made in the marketing, advertising, packaging and other promotional materials related to its "100% Natural" Products;

7.      For an award of restitution and disgorgement of Defendant's excessive and ill-gotten revenues to Representative Plaintiff and members of the California class;

8.      For an Order requiring an accounting for, and imposition of a constructive trust upon, all monies received by Safeway as a result of the unfair, misleading, fraudulent and unlawful conduct alleged herein;

9.      For an award to Representative Plaintiff and members of both classes of

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WACHOVIA TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL. (510) 891-9800

1  compensatory damages in an amount to be proven at trial;

2       10.    For an award of pre- and post-judgment interest on the amount of any and all

3  economic losses, at the prevailing legal rate;

4       11.    For an award to Plaintiff and to members of both classes of punitive and/or

5  exemplary damages;

6       12.    For an award of reasonable attorneys' fees, pursuant to California Code of Civil

7  Procedure § 1021.5 and/or California Civil Code §§ 1780(d) and 1794(d);

8       13.    For costs of suit and any and all other such relief as the Court deems just and proper;

9  and

10       14.    For all other Orders, findings and determinations identified and sought in this

11  amended Complaint.

12

13  **JURY DEMAND**

14       Representative Plaintiff and members of each of the classes hereby demand trial by jury on

15  all issues triable of right by jury.

16

17  Dated: June 20, 2014          **SCOTT COLE & ASSOCIATES, APC**

18

19       By:  /s/ Molly A. DeSario

20            Molly A. DeSario, Esq.
          Attorneys for Representative Plaintiff
          and the Plaintiff Classes

21

22

23

24

25

26

27

28

*Left margin (vertical text):* SCOTT COLE & ASSOCIATES, APC  ATTORNEYS AT LAW  THE WACHOVIA TOWER  1970 BROADWAY, NINTH FLOOR  OAKLAND, CA 94612  TEL. (510) 891-9800