UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

RYAN RICHARDS,

        Plaintiff,

   v.

SAFEWAY INC.,

        Defendant.

Case No.  13-cv-04317-JD

**ORDER DISMISSING CASE**

Re: Dkt. No. 67

     Plaintiff Ryan Richards filed this putative class action alleging that defendant Safeway deceptively advertised certain products as "100% Natural" when they allegedly contained a synthetic ingredient known as sodium acid pyrophosphate ("SAPP").  On December 12, 2014, the parties filed a stipulation seeking dismissal of the case with prejudice.  The Court ordered the parties to submit a statement regarding the fairness of the settlement to the absent putative class members.

     The Court has carefully reviewed the submission and approves the dismissal.

## BACKGROUND

     Mr. Richards filed an amended complaint on June 20, 2014, alleging eight claims for relief against Safeway.  All claims relate to Safeway's alleged labeling, marketing and sale of "100% Natural" products which, plaintiffs allege, actually contained one or more synthetic ingredients. Dkt. No. 45.  The Safeway products at issue include Open Nature 100% Natural Multi-Grain Waffles and Open Nature 100% Natural Multi-Grain Waffles.  *Id.* at 2.  Mr. Richards alleges that both of these products are advertised and labeled as "100% Natural," but contain SAPP.  *Id.*  He asserts that Safeway falsely and dishonestly induced health-conscious customers into purchasing these products at a premium price.  *Id.* at 8.  Mr. Richard seeks to represent national and California-resident classes of consumers who purchased Safeway's food products that were labeled "100% Natural," yet contained SAPP.  *Id.* at 5.  The amended complaint alleges the

United States District Court
Northern District of California

1    following claims: (1) a violation of California's False Advertising Law, Business & Professions

2    Code §§ 17500 *et seq.* ("FAL"), (2) a violation of California's Consumer Legal Remedies Act

3    ("CLRA"), (3) common law fraud, (4) negligent misrepresentation, (5) breach of express

4    warranty, (6) breach of contract, (7) a violation of California's Unfair Competition Law, Business

5    and Professions Code §§ 17200-17208 ("UCL"), and (8) quasi-contract/unjust enrichment.  *Id.* at

6    15-25.

7         On December 12, 2014, the parties filed a stipulation seeking dismissal of the case with

8    prejudice.  *See* Dkt. No. 67.  Because the Court was concerned about potential prejudice to absent

9    class members, it ordered the parties to submit a statement discussing the fairness of the settlement

10   to the absent putative class members.  *See* Dkt. No. 68.

11        On January 8, 2015, the parties submitted a joint statement regarding the fairness of the

12   settlement.  *See* Dkt. No. 69.  The parties stated that it is unlikely that absent class members have

13   relied on the claims here, because the case has mostly been reported in the legal media.  *See id.* at

14   3.  With respect to the effect of the statute of limitations on putative class members, the parties say

15   that it would be impossible to calculate the time remaining for each member of the putative class,

16   but point out that the statute of limitations has been tolled by plaintiff's suit here.  *See id.* at 4.

17   Finally, the parties point out that only the plaintiff's claims are being dismissed with prejudice; the

18   missing putative class members' rights are not being adversely affected.  *See id.* at 4-5.

19                                    **DISCUSSION**

20        Federal Rule of Civil Procedure Rule 23(e) requires the Court to review and approve a

21   proposed voluntary dismissal, settlement or other compromise of a certified class's claims.  The

22   Ninth Circuit has held that Rule 23(e) also applies before certification, but in a much lighter form

23   that does not entail "the kind of substantive oversight required when reviewing a settlement

24   binding upon the class."  *Diaz v. Trust Territory of Pac. Islands*, 876 F.2d 1401, 1408 (9th Cir.

25   1989).  This holding pre-dates substantial amendments to Rule 23 in 2003, and courts in this

26   district have noted "some uncertainty" about the continued application of Rule 23(e) to pre-

27   certification settlement proposals in the wake of the 2003 amendments.  *See, e.g., Lyons v. Bank of

28   America, NA*, No. C 11-1232 CW, 2012 WL 5940846, at *1 n.1 (N.D. Cal. Nov. 27, 2012).  But

2

United States District Court
Northern District of California

1   our decisions have "generally assumed that it does" apply, *id.*, and this Court will follow *Diaz* to

2   evaluate the proposed settlement and dismissal here.  The Court finds that this approach is

3   consistent with Rule 23(e) as it exists today.  It also strikes the right balance between the full-bore

4   fairness review for settlement of certified class claims, and doing nothing at all to ensure that

5   putative class members are protected from collusive deals and not sacrificed for convenience when

6   named representatives decide to settle their claims individually.

7        To determine whether pre-certification settlement or dismissal is appropriate, the Court

8   must assess potential prejudice to the absent putative class members from:  (1) "possible reliance

9   on the filing of the action if they are likely to know of it either because of publicity or other

10  circumstances"; (2) "lack of adequate time for class members to file other actions, because of a

11  rapidly approaching statute of limitations"; and (3) "any settlement or concession of class interests

12  made by the class representative or counsel in order to further their own interests."  *Diaz*, 876 F.2d

13  at 1408.  "The central purpose of this inquiry is to 'determine whether the proposed settlement and

14  dismissal are tainted by collusion or will prejudice absent putative members.'"  *Lyons*, 2012 WL

15  5940846, at *1 (citing *Mahan*, 2010 WL 4916417, at *3).

16       The Court finds that the parties have satisfied the *Diaz* factors for the reasons given in the

17  Background section, above.  Although the parties did not provide the Court with the proposed

18  settlement agreement, the parties have represented to the Court that under the settlement, Mr.

19  Richards would voluntarily dismiss all his claims against Safeway with prejudice, while the

20  putative class claims would be dismissed without prejudice.  *See* Dkt. No. 69 at 1-2.

21       The Court therefore dismisses Mr. Richards' individual claims with prejudice and the

22  putative class claims without prejudice.  The clerk is directed to enter final judgment.

23       **IT IS SO ORDERED**.

24  Dated: January 12, 2015

25

26  _____
    JAMES DONATO
    United States District Judge

27

28